MICHAEL SEBBA (SBN 345439)
Michael.Sebba@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile:  213.243.4199

MICHAEL HARRIS (*Pro Hac Vice Application Pending*)
Michael.Harris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
300 North LaSalle Drive, Suite 3500
Chicago, IL 60654
Telephone: 312.583.2300
Facsimile:  312.583.2360

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SONNAX TRANSMISSION COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TRANSGO, LLC, <br><br> Defendant. | Civil Action No. 2:26-cv-07169 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Sonnax Transmission Company ("Sonnax") for its Complaint against Defendant TransGo, LLC ("TransGo") alleges as follows:

## THE PARTIES

1.      Sonnax is a Delaware corporation with a place of business at 2 Imtec Lane, Bellows Falls, Vermont 05101.

2.      TransGo is a California limited liability company with a place of business at 2621 Merced Avenue, El Monte, California 91733.

COMPLAINT

3.    TransGo may be served with process through its registered agent, C T Corporation System, 330 North Brand Boulevard, Suite 700, Glendale, California 91203.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over TransGo because TransGo is a California limited liability company, TransGo has its principal place of business in this District, TransGo conducts business in this District, TransGo engages in continuous and systematic activities in this District, and TransGo has committed and continues to commit acts of infringement in this District.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because TransGo resides in this District, and further because TransGo has a regular and established place of business in this District and has committed acts of infringement in this District, including at least making, using, offering to sell, or selling products that infringe one or more claims of Sonnax's patent at issue in this action.

## BACKGROUND

7.    Sonnax is a leading designer, developer, and manufacturer of high quality aftermarket automotive products.

8.    Sonnax invests heavily in research, design, and development; and those efforts are key to Sonnax's success.

9.    Sonnax takes steps to protect those investments, including by obtaining patents on its innovative technologies. Relevant to this dispute, Sonnax owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, U.S. Patent No. 12,188,525 (the "'525 patent").

- 2 -
COMPLAINT

10.    The U.S. Patent and Trademark Office duly and legally issued the '525 patent on January 7, 2025. A true and correct copy of the '525 patent is attached as Exhibit A to this Complaint.

11.    The '525 patent is presumed to be valid.

12.    The '525 patent relates to solenoid stabilizers in valve bodies for vehicle transmissions. Solenoids are electromechanical devices used in automatic transmissions to control the flow of hydraulic fluid. As described further below, a problem with the conventional arrangement of solenoids in valve bodies was that the spring retainers used to secure the solenoids in valve bodies were prone to fatigue and collapse over time, causing solenoid instability and transmission malfunctions.

13.    More specifically, some types of solenoids are secured in place in valve bodies by spring retainers. In certain transmissions, the solenoids may have a reciprocating element or pintle pin that is in direct contact with a control/regulating valve. One such arrangement is illustrated in Figures 1A, 1B, and 1C of the '525 patent, which are reproduced below. These figures show a spring retainer (labeled 1 in Figure 1A) on a solenoid (labeled 2 in Figure 1A), a solenoid mounted in a portion of the valve body (labeled 3 in Figures 1A and 1C) with a portion of the valve body broken away for ease of understanding (Figure 1B), and solenoids on a portion of the valve body showing a loose solenoid on the left (Figure 1C).



FIG. 1A



FIG. 1B

- 3 -
COMPLAINT



FIG. 1C

14.    Figure 1D of the '525 patent illustrates a series of solenoids (labeled 2), spring retainers (labeled 1) and control/regulating valves (labeled 4) laid out and positioned relative to a valve body (labeled 3).



FIG. 1D

15.    The solenoid includes a body (labeled 5 in the above figures), a shoulder (labeled 6) and a head (labeled 7) with a neck (labeled 8) between the shoulder and head. The head, neck, shoulder and body are stationary members. The shoulder and

- 4 -
COMPLAINT

head have a larger diameter than that of the neck. A movable (reciprocating) pintle (labeled 9) is positioned in the solenoid and extends out of the head. The pintle moves by actuation of (current applied to) the solenoid. The pintle reciprocates, acting on the movable valve stem.

16. The solenoid is positioned in the valve body. In the conventional arrangement shown in Figure 1C, the head and shoulder of the solenoid are positioned in bores (labeled 10) in the body, and the neck is located at a slot (labeled 11) in the body. The slot permits access to the solenoid neck. As seen in Figure 1A, the spring retainer (labeled 1) is inserted into the slot and on the solenoid neck to secure the solenoid in place in the valve body. Upper and lower portions (labeled 12 and 13) of the retainer rest on a side (labeled 14) of the slot wall and exert a force (the spring force) on the head to urge a contact surface (labeled 15) of the head against an opposing wall (labeled 16) of the slot.

17. The conventional spring retainers have a generally inverted U-shaped body with front and rear walls. The top of the "U" connects depending legs that define the front and rear walls. The front and rear walls are connected to each other at the free ends) of the legs by bends that space the front and rear walls from each other.

18. The spring retainers may be formed from spring steel such that the bends provide a spring-like action or spring function between the front and rear walls of the retainer. The rear wall includes a lip or return bend toward the front wall. The front wall of the retainer rests on and applies a force on the solenoid head, and the rear wall of the retainer rests on the valve body slot wall to maintain the solenoid in place.

19. The solenoids are relatively heavy. Over time, as the solenoid is actuated and the pintle acts against the valve stem, the spring retainer can lose its spring-like properties and collapse. When this occurs, the retainer may no longer hold the solenoid axially in its bore, causing the solenoid to push out of the bore, become loose, or wobble off center with the valve (see, e.g., the left-hand solenoid in Figure 1C, which is at about a 15-degree angle compared to the right-hand solenoid).

COMPLAINT

20. Solenoid instability resulting from spring retainer collapse may cause transmission malfunctions. The solenoids move the inboard control or regulating valve by action of the pintle, which operates across a very small range of travel. Any wobble or positional variance caused by a collapsed retainer means the solenoid pintle may no longer properly control the valve, causing shift quality problems and clutch damage.

21. Through their research and development, the inventors of the '525 patent developed and patented a novel solution to the spring retainer collapse problem that had not previously been solved.

22. The '525 patent discloses a stabilizer that is inserted into the existing spring retainer, between the retainer's front and rear walls, to prevent the retainer from collapsing. The stabilizer has an inverted U-shaped body corresponding in shape to the spring retainer, with a top and a pair of depending legs that maintain the spacing between the retainer's front and rear walls when the retainer is installed to secure the solenoid. By bracing the retainer from within, the stabilizer prevents collapse, keeps the solenoid properly centered in its bore, and eliminates the shift quality and clutch damage problems caused by solenoid movement.

23. As described further below, TransGo has copied Sonnax's innovative and patented solution. TransGo infringes claims of the '525 patent by making, using, offering for sale, and selling a Valve Body Repair Kit with part number 10RL80-G1 (the "Infringing Kit"). Below is an image of the Infringing Kit. TransGo's installation instructions for the Infringing Kit are attached as Exhibit B to this Complaint.

///

///

///

///

///

///

COMPLAINT



24. TransGo infringes claims 1–4 and 6-14 of the '525 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, and selling the Infringing Kit. TransGo also infringes claims 1-4 and 6–14 of the '525 patent under 35 U.S.C. § 271(b) by inducing its customers and end-users to install and use the Infringing Kit. Representative, non-limiting infringement charts are attached at Exhibit C to this Complaint.

25. Sonnax notified TransGo of its infringement on April 20, 2026, and Sonnax requested that TransGo stop making, using, offering to sell, and selling the Infringing Kit. TransGo refused to do so.

26. TransGo has infringed, and continues to infringe, claims of the '525 patent by making, using, selling, and offering to sell the Infringing Kit in this District and elsewhere in the United States without the consent or authorization of Sonnax.

**COUNT I: PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)**

27. Sonnax re-alleges and incorporates by reference the allegations set forth in paragraphs 1–26 of this Complaint.

28.    TransGo infringes claims 1–4 and 6-14 of the '525 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling the Infringing Kit, literally or under the doctrine of equivalents. *See, e.g.*, Exhibit C.

29.    The Infringing Kit includes a stabilizer insert that is structurally configured, as sold and without installation, to satisfy each limitation of claims 1–4 and 6. *See, e.g.*, Exhibit C. TransGo also infringes claims 7 and 8 of the '525 patent, which claim the method of stabilizing a solenoid by positioning the stabilizer in the spring retainer and inserting the assembly in the valve body slot, through TransGo's own use and testing of the Infringing Kit. *Id*. TransGo also infringes claims 9–14 of the '525 patent, which are directed to the combination of the spring retainer and stabilizer as installed, through TransGo's use and testing of the Infringing Kit. *Id*.

30.    TransGo's infringement of the '525 patent has been and continues to be willful. TransGo had actual knowledge of the '525 patent at least as of April 20, 2026, when Sonnax notified TransGo of its infringement and demanded that TransGo cease. Despite that notice, TransGo refused to stop making, using, offering to sell, or selling the Infringing Kit. TransGo's continued infringement despite its actual knowledge of the '525 patent constitutes willful infringement, entitling Sonnax to enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285.

31.    Sonnax has suffered, and continues to suffer, economic harm as a result of TransGo's infringing activities in an amount to be proven at trial.

32.    TransGo's activities have caused and will continue to cause Sonnax irreparable injury for which there is no adequate remedy at law unless this Court enjoins TransGo's infringing activities under 35 U.S.C. § 283.

**COUNT II: PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b)**

33.    Sonnax re-alleges and incorporates by reference the allegations set forth in paragraphs 1–26 of this Complaint.

- 8 -
COMPLAINT

34. TransGo has actively induced, and continues to actively induce, infringement of claims 1-4 and 6–14 of the '525 patent under 35 U.S.C. § 271(b). *See, e.g.*, Exhibit C.

35. Claims 1-4 and 6 are directed to a stabilizer, claims 7 and 8 are directed to the method of stabilizing a solenoid by positioning the stabilizer in the spring retainer and inserting the combined assembly into the valve body slot, and claims 9–14 are directed to the combination of the spring retainer and stabilizer as installed in a transmission fluid valve body to secure a solenoid. TransGo's customers and end-users who purchase and install the Infringing Kit following TransGo's instructions directly infringe claims 1-4 and 6–14 by using the stabilizer insert, performing the claimed method, completing that claimed combination. *See, e.g.*, Exhibit C

36. TransGo has actual knowledge of the '525 patent at least as of April 20, 2026. TransGo specifically designed the Infringing Kit's installation instructions (Exhibit B) to direct customers and end-users through the steps required to install and use the retainer-and-stabilizer assembly into a transmission valve body to secure a solenoid; i.e., use that practices claims 1-4 and 6–14 of the '525 patent. *See, e.g.*, Exhibit C. Despite having actual knowledge of the '525 patent and of the infringing nature of those installation steps, TransGo has continued to distribute the Infringing Kit together with those instructions with the specific intent to promote and encourage customers and end-users to perform those steps. TransGo thereby knowingly and intentionally induces infringement of claims 1-4 and 6–14 of the '525 patent.

37. Sonnax has suffered, and continues to suffer, economic harm as a result of TransGo's infringing activities in an amount to be proven at trial.

38. TransGo's activities have caused and will continue to cause Sonnax irreparable injury for which there is no adequate remedy at law unless this Court enjoins TransGo's infringing activities under 35 U.S.C. § 283.

## JURY DEMAND

39.    Pursuant to Federal Rule of Civil Procedure 38(b), Sonnax hereby demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Sonnax respectfully requests that this Court enter judgment against TransGo and grant the following relief:

A.    The entry of judgment in favor of Sonnax and against TransGo;

B.    A finding that TransGo has infringed claims of the '525 patent;

C.    An award of damages against TransGo adequate to compensate Sonnax for the infringement, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest and post-judgment interest and costs;

D.    A finding that TransGo's infringement is and has been willful, and a judgment that Sonnax is entitled to discretionary enhancement of its damages and other relief as provided by 35 U.S.C. § 284.

E.    A finding that this case is exceptional and an award of Sonnax's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.    A permanent injunction prohibiting further infringement by TransGo, and each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it; and

///

///

///

///

///

COMPLAINT

G.   Such other relief that Sonnax is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

Date: July 1, 2026

/s/ *Michael Sebba*
Michael Sebba (SBN 345439)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile:  213.243.4199
Email: Michael.Sebba@arnoldporter.com

Michael J. Harris (*Pro Hac Vice Application Pending*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
300 North LaSalle Drive, Suite 3500
Chicago, IL 60654
Telephone: 312.583.2300
Facsimile:  312.583.2360
Email: Michael.Harris@arnoldporter.com

*Attorneys for Plaintiff*

- 11 -
COMPLAINT